**GROGER v. LONG et al.**

Court of Appeals of Kentucky.

June 23, 1954.

292

Klette & Klette, Covington, for appellant.

Thomas W. Hardesty, Newport, Hughes, Clarke & Lee, Covington, for appellees.

CLAY, Commissioner.

This is an appeal from a judgment declaring plaintiffs' title to a tract of real estate to be good and marketable and directing the defendant to comply with the terms of a contract of sale. The validity of the title rests upon the binding effect of a prior judgment entered in December 1948.

The real estate was devised under the will of John Dulaney, probated in 1897. The provisions of the will were rather complex, but in substance the property here involved was devised to his children for life, then to his grandchildren for life, then to his great-grandchildren in fee. In 1948 a suit was brought to sell the land devised by the will on the ground that it was not producing sufficient revenue to pay taxes and that a sale for subdivision purposes would prove most advantageous. At that time the testator's children were dead and two of the grandchildren had survived without issue. All persons then having an interest in the land were made parties to this suit. No contingent remaindermen were then in existence, nor have they yet appeared on the scene, and it is unlikely that they will do so because of the age of the life tenants.

In the former suit the court ordered a sale of the land and ordered the proceeds to be held in trust.

On this appeal it is suggested that the former proceeding was authorized either by an Act of 1882 (which appears following Section 491 of the Civil Code) or by Section 491 or 491a of the Civil Code. The provisions of the Act and the Code sections in general may be said to authorize the sale of life estates, remainder, and contingent interests in real property. These provisions are in some respects rather confusing, but an extended analysis of them does not appear necessary. We believe the court had jurisdiction to decree a sale of this land.

Some question may be raised with respect to the kind of sale which was adjudged and with respect to the reinvestment of the proceeds. However, were we to assume that the judgment in certain respects was not in conformity with the provisions of the Act of 1882 or the Civil Code, it seems to us that such errors as may have existed would not render it void. Since such judgment was at most erroneous, it may not be collaterally attacked in this proceeding.

The purchasers under the former judgment acquired good title to the property here involved, and the Chancellor was correct in recognizing the validity of plaintiffs' title. He therefore correctly directed the performance of the contract of sale.

The judgment is affirmed.